COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:         Jesus Pacheco v. The State of Texas

Appellate case number:     01-18-00605-CR

Trial court case number:   F17-1611-431

Trial court:                       431st District Court of Denton County1

The complete record was filed in this appeal on August 10, 2018. Appellant's brief, therefore, was due on September 10, 2018. *See* TEX. R. APP. P. 38.6(a). After we granted his motion for an extension of time, appellant's brief was due on November 9, 2018. *See* TEX. R. APP. P. 38.6(d). On November 21, 2018, the Clerk of this Court notified appellant that the time for filing his brief had expired and, unless the Court received a motion for an extension of time, with appellant's brief, or a motion for an extension of time to file appellant's brief by December 3, 2018, the Court would be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3); *see also id.* 10.5(b). Appellant has not filed a brief or otherwise responded to this Court's notice.

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Denton County District Attorney's Office and appellant's appointed counsel, Stephen Wohr, shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if he is incarcerated, at the trial court's discretion, he may participate in the hearing by closed-circuit video teleconferencing.[2]

---

1      The Supreme Court of Texas transferred this appeal to this Court from the Court of Appeals for the Second District of Texas. *See* Misc. Docket No. 18-9083 (Tex. June 19, 2018); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer of cases between courts of appeals).

2      Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;

(2) if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Stephen Wohr of his duties as appellant's counsel;

(3) if good cause exists, enter a written order relieving Stephen Wohr of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4) if good cause does not exist, set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2017); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: ___/s/ Terry Jennings_____
         ☑ Acting individually     ☐ Acting for the Court


Date: _December 18, 2018_____

---

State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.